**FEDERAL PUBLIC DEFENDER**
***Southern District of Texas***
Lyric Office Centre
440 Louisiana Street, Suite 1350
Houston, Texas 77002

**FEDERAL PUBLIC DEFENDER:**　　　　　　　　　　　　　　　　　　　　Telephone:
　**MARJORIE A. MEYERS**　　　　　　　　　　　　　　　　　　　　　　　713.718.4600

June 28, 2024

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Fax:
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　713.718.4610

**<u>VIA FIFTH CIRCUIT CM/ECF SYSTEM</u>**
Mr. Lyle W. Cayce, Clerk of Court
United States Court of Appeals
　for the Fifth Circuit
600 South Maestri Place
New Orleans, Louisiana 70130

　　　　RE:　*United States v. Leatrice Malika De Bruhl-Daniels*, No. 22-20650
　　　　　　　Rule 28(j) Letter of Appellant

Dear Mr. Cayce:

　　Pursuant to Fed. R. App. P. 28(j), Defendant-Appellant Leatrice Malika DeBruhl-Daniels hereby submits the following additional authority that is relevant to the third issue that she has presented in her opening brief, which concerns 18 U.S.C. § 1512(c)(2). *See* Br. for Appellant, at 35-51; Reply Br. for Appellant, at 11-17.

　　In *Fischer v. United States*, — U.S. —, — S. Ct. —, 2024 WL 3208034, at *10 (June 28, 2024) (No. 23-5572), the Supreme Court agreed with the petitioner that the "otherwise" provision of § 1512(c)(2) is limited by the list of specific criminal violations that precede it in subsection (c)(1). *Id.* at *6. The Court held that, "[t]o prove a violation of Section 1512(c)(2), the Government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or . . . other things used in the proceeding [such as 'witness testimony' or 'intangible information'], or attempted to do so." *Id.* *10; *see also id.* at *6.

In DeBruhl's case, in Counts 15 and 36-37 of the indictment, the government did not allege that she attempted to "impair[] the availability or integrity for use in an official proceeding of records, documents, objects," or to impair the availability or integrity of "other things used in" the proceeding. *See* ROA.620, 633-34; *see also* Def. Br. 3-4 (describing those charges). Thus, those counts failed to state offenses under subsection (c)(2).

Respectfully submitted,

s/ Scott A. Martin
SCOTT A. MARTIN
Assistant Federal Public Defender
Southern District of Texas

# CERTIFICATE OF SERVICE

I certify that on June 28, 2024, a copy of the foregoing Rule 28(j) Letter of Appellant was served upon counsel for the plaintiff-appellee, Assistant United States Attorney Anna E. Kalluri, by notice of electronic filing with the Fifth Circuit CM/ECF system.

s/ Scott A. Martin
SCOTT A. MARTIN
